*249 OPINION.
Trammell :
The petitioner contends that the transaction set out in our findings of fact by which it disposed of its assets and acquired therefor money and preferred stock of the Walworth Alabama Co. was a reorganization resulting in no taxable income under the statute. The respondent contends that it was a sale resulting in taxable income.
The pertinent provisions of the Revenue Act of 1926 are as follows;
Seo. 203. (a) Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 202, shall be recognized, except as hereinafter provided in this section.
*******
(b) (3) No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.
* * * * * * *
(e) If an exchange would be within the provisions of paragraph (3) of subdivision (b) if it were not for the fact that the property received in exchange consists not only of stock or securities permitted by such paragraph to be received without, the recognition of gain, but also of other property or money, then—
(1) If the corporation receiving such other property or money distributes it in pursuance of the plan of reorganization, no gain to the corporation shall be recognized from the exchange, * * *
*******
(h) A.s used in this section and sections 201 and 204 — •
(1) The term “reorganization” means (A) a merger or consolidation (including the acquisition by one corporation of ⅜ * ⅜ substantially all the properties of another corporation), * * *
*250 (2) The term “ a party to a reorganization ” includes a corporation resulting from a reorganization * * ⅜.
Section 286 of the Revenue Act of 1926 provides: “ This title (The Income Tax), shall take effect as of January 1, 1925, * *
The evidence discloses that the Walworth Alabama Co., the new corporation created under the laws of Alabama acquired “ substantially all the properties of another corporation ” that is, of the petitioner, and this fact brings the transaction within the plain language of the definition of a reorganization as contained in paragraph 203 (h) (1). The transaction, however, did not come within the provisions of section 203 (b) (3) above quoted for the reason that the petitioner exchanged its property for cash and securities and not solely for stock or securities in another corporation, a party to the reorganization. However, section 203 (e) provides that if an exchange would be within the provisions of paragraph (3) of subdivision (b) if it were not for the fact that the property received in exchange consists not only of stock or securities permitted by such paragraph to be received without the recognition of gain, but also other property or money, then if the corporation receiving such other property or money distributes it in pursuance of a plan of reorganization, no gain to the corporation shall be recognized from the exchange.
In this case, previous to the consummation of the exchange of the assets of the petitioner for securities and money, there was a plan evidenced by minutes of the corporation indicating a purpose to immediately distribute the money received for the assets. This money was distributed in pursuance of such plan.
Under the definition of a reorganization as contained in paragraph 203 (h) (1) (A) the acquisition of substantially all the property of one corporation by another is a reorganization. The plan to distribute the money which was received in part payment for the assets was a part of the plan of reorganization as defined by the statute.
In the case of the Fostoria Milling & Grain Co., 11 B. T. A. 1401, we said: “The test (of whether it was a reorganization) is not identity of stock ownership in the two companies, but whether some interest of the stockholders in the old is preserved to them in the new.” This may well be true where the statute does not specifically define a reorganization to include something else. Under the 1926 Act the statute specifically states that a reorganization shall include the acquisition of substantially all the assets of another corporation. Definitions of a reorganizaion or what a reorganization might be in the absence of the definition in the statute do not have the effect of changing what the statute specifically provides shall be included ip, a reorganization.
*251 Considering the definition of a reorganization and the other provisions contained in section 203 of the Revenue Act of 1926, it is our opinion that the transaction here involved comes within the plain language of the statute and does not give rise to taxable gain. In view of the foregoing, it is our opinion that the Commissioner erred in holding that the transaction resulted in tax liability to the petitioner.
Reviewed by the Board.

Judgment will be entered under Rule 50.